UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

───────────────────────────────

CHRISTOPHER VAN GUILDER,

                        Petitioner,

        v.                                                    9:20-CV-0741
                                                              (BKS/DJS)
SUPERINTENDENT TYNON,

                        Respondent.

───────────────────────────────

APPEARANCES:                                          OF COUNSEL:

CHRISTOPHER VAN GUILDER
Petitioner, pro se
14-A-2430
Greene Correctional Facility
P.O. Box 975
Coxsackie, NY 12051

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

## I.      INTRODUCTION

        Petitioner Christopher Van Guilder seeks federal habeas corpus relief pursuant to 28

U.S.C. § 2254.  Dkt. No. 1, Petition ("Pet.").[1, 2]  For the reasons that follow, the Court deems

this a successive petition for a writ of habeas corpus and will transfer it to the United States

Court of Appeals for the Second Circuit.

## II.     DISCUSSION

───────────────────

        [1]  Petitioner initially filed this action in the Eastern District of New York and, on July 2, 2020, the case was transferred to this Court.  Dkt. No. 4, Transfer Order; Dkt. No. 5.

        [2]  For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

### A. Petitioner's Prior Habeas Petition

On February 24, 2017, petitioner sought federal habeas corpus relief in this Court, pursuant to 28 U.S.C. § 2254, challenging a 2014 judgment of conviction in Saratoga County, upon a jury verdict, to two counts each of third degree criminal sale of a controlled substance, third degree criminal possession of a controlled substance, and seventh degree criminal possession of a controlled substance. *Vanguilder v. Martuscello*, No. 9:17-CV-0215 (LEK) ("*Vanguilder I*"), Dkt. No. 1, Petition, at 1-2. Petitioner argued that he was entitled to federal habeas relief because (1) his conviction was supported by legally insufficient evidence; (2) his constitutional right to counsel was violated when (a) the trial court failed to disqualify petitioner's trial counsel due to his conflict of interest and (b) the trial court failed to secure an appropriate waiver from petitioner regarding said conflict; (3) the trial court wrongly admitted prejudicial and irrelevant testimony depriving petitioner of a fair trial; (4) the trial court erred in how it responded to the jury's inquiries; and (5) petitioner's trial counsel was ineffective when he (a) failed to disclose his conflict of interest, (b) failed to assert an entrapment defense, (c) failed to file motions to preserve *Molineaux* issues, and (d) failed to request an appropriate alternative charge to duplicitous counts in the indictment. *Vanguilder v. Martuscello*, No. 9:17-CV-0215 (LEK), 2018 WL 10758589, at *6 (N.D.N.Y. May 23, 2018).

On May 23, 2018, this Court denied and dismissed the petition on the merits. *Vanguilder*, 2018 WL 10758589, at *17. Specifically, as is relevant to the present petition, the Court found that petitioner's ineffective of assistance claims – including his claim asserting a conflict of interest – were procedurally defaulted and meritless. *Id.*, 2018 WL 10758589, at *14.

2

On June 29, 2018, petitioner filed a Notice of Appeal to the United States Court of Appeals for the Second Circuit. *Vanguilder I*, Dkt. No. 33, Notice of Appeal. On October 24, 2018, the Second Circuit dismissed petitioner's appeal because he did "not ma[k]e a substantial showing of the denial of a constitutional right." *Id.*, Dkt. No. 40, Mandate, at 1 (citing 28 U.S.C. § 2253(c);*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

### B.    The Present Petition

Petitioner again challenges his 2014 judgment of conviction in Saratoga County, upon a jury verdict, to two counts each of third degree criminal sale of a controlled substance, third degree criminal possession of a controlled substance, and seventh degree criminal possession of a controlled substance. Pet. at 1-2. Petitioner argues that he is entitled to federal habeas relief because his counsel was constitutionally ineffective due to a conflict of interest. *Id.* at 5-7.

Petitioner readily admits that he previously petitioned for habeas relief in this Court. Pet. at 12. Moreover, petitioner also acknowledges that his prior habeas petition asserted an identical claim to that which he presently brings before the Court. *Id.* at 6.

### C.    Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions. A petition is a second or successive application when it "attacks the same judgment that was attacked in a prior petition," *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) (internal quotation marks omitted), the prior petition was dismissed on the merits, *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), and the later petition "raises a claim that was, or could have been, raised in [the] earlier

petition." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *accord, Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149, 151-52 (2d Cir. 2003). Instead, the AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").

At the outset, petitioner acknowledges that this is his second habeas petition in this Court. Pet. at 6, 12.[3] Petitioner's current submission is another attack on his 2014 Saratoga

---

[3] The Court notes that petitioner's last name is slightly different in the petitions (Vanguilder versus Van Guilder); however, the information regarding the underlying criminal conviction and the Department Identification Numbers for both petitioners are identical. *Compare* Pet. at 1-2 *with Vanguilder I*, Petition, at 1-2. Accordingly, despite this minor discrepancy, the Court concludes that the same individual commenced both petitions.

4

County conviction. *Compare* Pet. at 1-5 *with Vanguilder I*, Petition, at 1-5. The petition is successive because petitioner is challenging the same judgment of conviction that he challenged before in his prior habeas petition. These claims have been previously dismissed on the merits. *Vanguilder*, 2018 WL 10758589, at *17. Moreover, there is no basis for concluding that petitioner could not have raised in his earlier petition the grounds for relief asserted in his present petition. In fact, petitioner did raise this identical claim in his earlier petition, and it was considered, denied, and dismissed by the Court on both procedural and substantive grounds. *Id.*, 2018 WL 10758589, at *14.

As district courts have no jurisdiction to decide successive petitions, the Court is required to transfer this action to the appropriate Court of Appeals. *Torres*, 316 F.3d at 151-52. Accordingly, the Court transfers this action to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Id.*

## III.    CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the Clerk transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: July 14, 2020

Brenda K. Sannes
U.S. District Judge